UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE HARDIMAN,

                Petitioner,                Case Number 2:15-cv-10448
                                                      Honorable Sean F. Cox

v.

J.A. TERRIS,

                Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [Dkt. 7], DENYING PETITIONER'S CROSS-MOTION FOR SUMMARY JUDGMENT [Dkt. 8], AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Leslie Hardiman is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan. He is serving a 240-month prison term sentence for his conviction of conspiracy to distribute and possession with intent to distribute over 50 grams of cocaine. 21 U.S.C. §§ 841(a)(1) and 846.

Petitioner filed this action under 28 U.S.C. §2241, asserting that his rights under the Eighth Amendment were violated when a prison counselor yelled at him. The parties have filed cross motions for summary judgment. The petition for writ of habeas corpus will be dismissed because Petitioner's claim does not relate to the length or execution of his sentence and is not cognizable in a proceeding under §2241.

I. Background

Petitioner alleges that on December 31, 2014 he was assigned to a new cell and saw that it did not contain a chair. He alleges that he approached a counselor to inquire about obtaining a chair, but the counselor "shouted at me and told me not to speak to him and that he wasn't going to give me a chair and get out of his office." Dkt. 1, p. 6. Petitioner alleges that the incident deprived him

of his Eighth Amendment right to safety in the execution of his sentence.

Petitioner attempted to resolve the issue with his counselor informally, and when he did not get any relief, he filed a request for administrative remedy with the warden on January 8, 2015. The warden filed a response to Petitioner's request for administrative remedy on March 25, 2015. Petitioner was informed that he had 20 days to appeal to the regional director, but he failed to do so.

## II. Discussion

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Where a prisoner is challenging the fact or duration of his physical imprisonment and relief would require a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).

Claims that challenge the conditions of a prisoner's confinement fall outside of the "core" of habeas corpus, *Nelson v. Campbell*, 541 U.S. 637, 643 (2004), and are not cognizable in a habeas action brought pursuant to 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) ("§ 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement."); *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). A federal inmate like Petitioner may, however, bring claims challenging the conditions of his confinement under *Bivens v. Six Unknown*

*Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Although *pro se* litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Where, as here, claims about conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a *Bivens* action. *Martin*, 391 F.3d at 714. Accordingly, the Court will dismiss the petition without prejudice.

## IV. Order

Based upon the foregoing, Respondent's motion to dismiss is **GRANTED**, Petitioner's cross-motion for summary judgment is **DENIED**, and the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

Dated: July 1, 2015                                    S/ Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge


I hereby certify that on July 1, 2015, the foregoing document was served on counsel of record via electronic means and upon Leslie Hardiman via First Class mail at the address below:

Leslie Hardiman #05245028
FCI Milan
Inmate Mail/Parcels
P. O. Box 1000
Milan, MI 48160                                        S/ J. McCoy
                                                       Case Manager